UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SECURED SYSTEMS TECHNOLOGY, INC.,

|  |  |  |
|---|---|---|
| | Plaintiff | DECISION AND ORDER |
| -vs- | | |
| | | 08-CV-6256 |
| FRANK LILL & SON, INC., | | |
| | Defendant | |

_____

APPEARANCES

|  |  |
|---|---|
| For Plaintiffs: | Keith R. Hemming, Esq. |
| | Daniel Font, Esq. |
| | McElroy, Deutsch, Mulvaney & Carpenter, LLP |
| | 88 Pine Street, 24th Floor |
| | New York, New York 10005 |
| | |
| For Defendant: | Martha A. Connolly, Esq. |
| | Timothy D. Boldt, Esq. |
| | Ernstrom & Dreste, LLP |
| | 180 Canal View Boulevard, Suite 600 |
| | Rochester, New York 14623 |

INTRODUCTION

This action involves a dispute arising from a construction contract for a project in the State of Connecticut. Plaintiff Secured Systems Technology, Inc. ("Plaintiff") is a New Jersey Corporation, and Defendant Frank Lill & Son, Inc. ("Defendant") is a New York corporation with its principal place of business in New York. Plaintiff maintains that the contract is governed by the law of the State of New York, while Defendant contends that the contract is governed by the law of the State of Connecticut. By Decision and Order (Docket No. [#73]) entered on June 17, 2010, the Court granted Plaintiff's objections to a non-

dispositive decision by the Honorable Jonathan W. Feldman, United States Magistrate Judge, which had held that the subject contract was governed by the law of Connecticut. In sustaining Plaintiff's objections, this Court granted partial summary judgment to Plaintiff, and held that the parties' contract is governed by New York law. Now before the Court is Defendant's motion [#76] for reconsideration of the Court's Decision and Order [#73], pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e). The application is denied.

FRCP 59(e) STANDARD

Plaintiff brings the subject motion pursuant to FRCP 59(e), and it is well settled that when making such a motion,

> the moving party must show that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motion. *Nakano v. Jamie Sadock, Inc.*, No. 98 Civ. 0515, 2000 WL 1010825, at *1 (S.D.N.Y. July 20, 2000); *Walsh v. McGee*, 918 F.Supp. 107, 110 (S.D.N.Y.1996). However, in addition, "[a] court is justified in reconsidering its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice." *See Nnebe v. Daus*, No. 06 Civ. 4991, 2006 WL 2309588, at *1 (S.D.N.Y. Aug. 7, 2006). New evidence, for these purposes, must be evidence that "could not have been found by due diligence." *Word v. Croce*, No. 01 Civ. 9614, 2004 WL 434038, at *4 (S.D.N.Y. March 9, 2004).

> These rules are "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *See Walsh*, 918 F.Supp. at 110. Strict application of these rules also "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." *Polar Int'l Brokerage Corp. v. Reeve*, 120 F.Supp.2d 267, 268-69 (S.D.N.Y. 2000). The moving party may not use a motion for reconsideration to advance new facts, arguments, or theories that were available but not previously presented to the Court. *See Graham v. Sullivan*, No. 86 Civ. 163, 2002 WL 31175181, at *2 (S.D.N.Y. Sept. 23, 2002); *Leonard v. Lowe's Home Ctrs., Inc.*, No. 00 Civ. 9585, at *2 (S.D.N.Y. April 12, 2002).

*U.S. v. Billini*, No. 99 CR. 156(JGK), 2006 WL 3457834 at *1 (S.D.N.Y. Nov. 22, 2006). A

district court's decision to deny a motion under Rule 59(e) is reviewed on appeal for abuse of discretion. *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004).

BACKGROUND

A detailed description of the factual background of this motion was set forth in the Court's prior Decision and Order [#73] and need not be repeated here.  Very briefly, the underlying motion for partial summary judgment  involves the interpretation of a purchase order ("the purchase order") between Plaintiff and Defendant.   Paragraph nine of the purchase order's "terms and conditions" states that, "[t]he contract arising from acceptance of this order shall be governed by the laws of the State of New York."  The next paragraph, paragraph ten, states that the purchase order is subject to a separate agreement between Defendant and a third-party, Stone & Webster ("Stone & Webster"), as follows:

> OWNER SPECIFICATIONS.  This purchase order is subject to the Agreement between the Buyer [Defendant] and the Owner [Stone & Webster].  The conditions of the contract between between the Buyer and Owner including drawings, specifications, all Addenda issued prior to and all modifications issued after execution of the Agreement, are as fully a part of this purchase order as if repeated herein.

Significantly, the separate agreement between Defendant and Stone & Webster contained a Connecticut choice-of-law provision.  Defendant maintains that pursuant to paragraph ten, the New York choice of law provision in paragraph nine was nullified, and the Connecticut choice-of-law provision in the separate agreement was incorporated into the purchase agreement instead.  The Magistrate Judge determined that Connecticut law applied to the parties' dispute, and denied Plaintiff's motion for partial summary judgment.   The undersigned sustained Plaintiff's objections to the Magistrate Judge's decision, and granted Plaintiff's motion for partial summary judgment, finding that New York law applies to the

dispute.  In that regard, the Court held that paragraph ten of the purchase order incorporated the specifications from the separate agreement, but not the Connecticut choice-of-law provision.  The Court further held that it would reach the same outcome regardless of whether it applied New York law or Connecticut law.

In the subject motion for reconsideration, Defendant maintains that the Court erred in the following ways: 1) the Court assigned undue significance to the heading of paragraph ten of the purchase order ("Owner Specifications"), and failed to give proper meaning to the rest of that paragraph; 2) the Court's interpretation of paragraph ten was inconsistent with industry custom and usage; 3) the Court erred by failing to follow Connecticut law, under which the Connecticut choice-of-law provision would have been incorporated into the purchase order; 4) the Court did not give proper deference to the Magistrate Judge's decision; and 5) the Court improperly addressed certain issues *sua sponte*.

DISCUSSION

The Court has carefully reviewed the underlying decision and Defendant's motion for reconsideration.  The Court disagrees with all of the points raised by Defendant, primarily for the same reasons discussed in the underlying decision.  For example, the Court did not give undue weight to the heading of paragraph ten while ignoring the rest of the paragraph, as Defendant suggests.  Instead, the Court interpreted the entire paragraph, as discussed in the prior decision.  The Court also believes that it reviewed the Magistrate Judge's decision under the proper standard, which was set forth in the Court's Decision and Order. Additionally, the Court disagrees that it improperly raised issues *sua sponte*, which prejudiced Defendant.  On that point, Defendant contends that, "arguably," the Court decided, without being asked to do so, "that the only part of the Agreement [between

4

Defendant and Stone & Webster] that was incorporated into the Purchase Order was the specifications." Def. Memo of Law [#77] at 24.  However, that is incorrect.  Instead, the Court found that the only parts of that agreement which were incorporated by *paragraph ten* of the purchase order were the specifications.   As Defendant has shown, other parts of the purchase order, such as paragraph eleven,[1] may incorporate other parts of that agreement. For all of these reasons, the Court finds that Defendant has not met the standard for reconsideration under FRCP 59(e).

CONCLUSION

Defendant's motion for reconsideration is denied.

So Ordered.

Dated:       Rochester, New York
             April 27, 2011

                              ENTER:


                               /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge

---

[1] In its motion for reconsideration, Defendant makes an argument concerning paragraph eleven of the purchase order, which states: "*If called for in the agreement between Buyer (Lill) and Owner (SWCI)*, the buyer (Lill) shall hold retainage until the final payment is made to the Buyer (Lill) by the Owner (SWCI)." (Def. Memo of Law [#77] at 12) (emphasis added).  Defendant argues that this provision shows that the Court's interpretation of paragraph ten is incorrect, since it proves that the parties intended to incorporate more than just the other contract's specifications.  However, to the Court, it further disproves Defendant's interpretation of paragraph ten.  That is, Defendant maintains that paragraph ten of the purchase order clearly incorporated the *entire agreement* between Defendant and Stone & Webster. However, if that were true, then there would be absolutely no reason to have included the above-quoted language in paragraph eleven, since the retainage provision of the agreement between Defendant and Stone & Webster would already have been incorporated.  In fact, in light of the wording of paragraphs eleven and thirteen of the purchase order, if Defendant is correct one would expect that paragraph nine would have stated, "*Unless otherwise specified in the Agreement between the Owner and the Buyer*, the contract arising from acceptance of this order shall be governed by the laws of the State of New York." Instead, however, paragraph nine unequivocally states that the agreement will be governed by the law of New York. The Court also disagrees with Defendant's argument that paragraph three of the purchase order casts doubt on the Court's interpretation of the agreements. *See*, Def. Memo of Law [#77] at 11.